

211 W. Jefferson St., Suite 1
Syracuse, NY 13202
Tel: 315.422.1152 | Fax: 315.422.1139

www.ccf-law.com

Paul G. Ferrara, *Partner*
pferrara@ccf-law.com

August 14, 2023

Hon. Frederick J. Scullin, Jr.
Senior United States District Judge
Federal Building and U.S. Courthouse
P.O. Box 7336
Syracuse, New York 13261-7336

      Re:    *Brownell v. Starbucks Coffee Co.*
               Civil Action No. 5:22-CV-1199(FJS/ATB)

Dear Honorable Sir:

      As the Court is aware, we represent Spencer I. Sheehan, Esq. in connection with this Court's Order to Show Cause regarding Rule 11 sanctions. Please allow the following to serve as Mr. Sheehan's supplemental submission in response to the Court's Order of July 12, 2023.

      **Standard of Review.** "Due process requires that courts provide notice and opportunity to be heard before imposing *any* kind of sanctions." *Schlaifer Nance & Co. v. Estate of Warhol*, 194 F.3d 323, 334 (2d Cir. 1999) (emphasis in original). "At a minimum, the notice requirement mandates that the subject of a sanctions motion be informed of . . . the source of authority for the sanctions being considered . . . ." *Id.*

      In the *sua sponte* Order to Show Cause, this Court cites Rule 11 exclusively as the source of authority under which it is considering sanctions against Mr. Sheehan. Pursuant to Rule 11(b), an attorney warrants to the Court when he signs a pleading that the claims and other legal contentions contained therein are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law, and that the factual contentions have evidentiary support or will likely have evidentiary support after a reasonable opportunity for further investigation or discovery. Fed. R. Civ. P. 11(b)(2)–(3). The relevant inquiry is whether the pleading or paper was "reasonable under the circumstances," and liability for Rule 11 violations requires a showing of objective unreasonableness on the part of the attorney signing the papers. *Ted Lapidus, S.A. v. Vann*, 112 F.3d 91, 96 (2d Cir. 1997). However, the Second Circuit has recognized that in cases where a District Court *sua sponte* initiates Rule 11 sanctions " 'long after' the sanctioned lawyer had an opportunity to correct or withdraw the challenged submission. . . . a lawyer may be sanctioned only upon a finding of subjective bad faith." *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 579 F.3d 143, 149 (2d Cir. 2009) (quoting *In re Pennie & Edmonds LLP*, 3323 F.3d 86, 91 (2d Cir. 2003)).

      Even should the Court determine the appropriate standard in this case is "objective reasonableness," the relevant inquiry should focus on "[i]f at the time a complaint is signed, it is not well grounded in fact and warranted by either existing law or a *good faith* argument for the extension or modification or the law." *Knipe v. Skinner*, 146 F.R.D. 58, 60 (N.D.N.Y. 1993). To be

sure, where counsel reaffirms his position to the court in motions, the inquiry continues to the time such position is advocated. *O'Brien v. Alexander*, 101 F.3d 1479, 1489 (2d Cir. 1996). "In determining whether a pleading lacked a good faith basis the court must be mindful of the fine 'line between zealous advocacy and frivolous conduct.' " *Knipe*, 146 F.R.D. at 60 (quoting *United States v. International Brotherhood of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., AFL-CIO*, 948 F.2d 1338, 1343 (2d Cir. 1991)). "Only where it is 'patently clear' at the time of the signing that a claim has no chance of success *under existing law*, and where no reasonable argument can be advanced to modify existing law are sanctions warranted." *Id.* As previously noted in Mr. Sheehan's initial filing, Rule 11 sanctions apply "only to assertions contained in papers filed with or submitted to the court." *O'Brien*, 101 F.3d at 1480.

Mr. Sheehan further recognizes that cases requiring a "high degree of specificity in [the Court's] factual findings" apply only to actual determinations imposing sanctions, which have not yet been imposed. (*See* Dkt. No. 26 at 1).

Here, the Complaint was filed with this Court on November 13, 2022. Defendant brought its motion to dismiss on March 16, 2023. Plaintiff's response to the motion was filed on April 12, 2023. The Court granted defendant's motion in its Decision and Order entered July 12, 2023, eight (8) months after the Complaint was filed. Defendant did not seek Rule 11 sanctions through the safe harbor provisions, and the Court instead *sua sponte* initiated this proceeding in the same decision granting the motion to dismiss. It is therefore submitted the relevant standard is whether there was subjective bad faith. *See ATSI Commc'ns, Inc.*, 579 F.3d at 149.

**<u>Good-Faith Basis for the Complaint.</u>** In addition to the various case law relied upon in Mr. Sheehan's initial response setting forth how claims similar to Ms. Brownell's "100%" claim have been sustained by various District Courts, it is important to note that Mr. Sheehan himself has had some level of success in overcoming motions to dismiss on similar theories to those raised in the instant action before other District Courts, both within and outside of New York State.

As the Court is well aware, Mr. Sheehan has a practice of advocating for consumers and against misleading product labels and similar false advertising. These cases have their genesis in a variety of sources, whether it be reports from consumer watchdogs, investigations undertaken by governmental agencies or other public filings. Prior to commencing any action, Mr. Sheehan undertakes an independent investigation, including reviewing the offending labels and retaining private laboratory testing of the product, where appropriate. In Brownell's case, he did retain such testing of the product. Thereafter, Mr. Sheehan researches any and all applicable regulations to determine if the product may be in violation. In the instant case, in addition to the aforementioned private testing, Mr. Sheehan undertook a review of regulations regarding additives in coffee products and those that control labelling of coffee beans or grounds to determine if added nutrients required disclosure. He then undertook review of regulations regarding fortification, to the extent the added potassium may be considered as such. Mr. Sheehan then also confirmed that the potassium did not qualify as a processing aid. Following all of this independent research and testing, and determining there could be viable claims, Mr. Sheehan prepares and files the Complaint and arranges for service on defendants. If these Complaints are met with a motion to dismiss, Mr. Sheehan then has the task of opposing said motion. Each such filing necessarily also involves filing fees and hiring process servers. In short, each action Mr. Sheehan undertakes involves significant effort and expense. If these actions were all frivolous and therefore inevitably

doomed from the outset, it would be a fool's errand to continue to prosecute these claims and advocate on behalf of these consumers.

To that end, although this Court identified in its Order two (2) adverse decisions from the Northern District on similar facts and legal theories (both of which post-dated Mr. Sheehan's reaffirmation of his pleadings in the *Brownell* action on April 12, 2023 [Dkt. No. 20]), at the time of the pleading and reaffirmation,[1] Mr. Sheehan had successfully overcome motions under Rule 12(b)(6) elsewhere within the Second Circuit and in other Districts across the country on similar legal theories.

      **A.**      **General Business Law §§ 349–50.** Although this Court disagreed that the Starbucks label in the instant action might be deceptive to a reasonable consumer, a not-insignificant number of other courts have found Mr. Sheehan's similar allegations of consumer deception to state claims under these statutes. *See, e.g.*, *Wargo v. Hillshire Brands Co.*, 599 F. Supp. 3d 164, 172–75 (S.D.N.Y. 2022); *Bardsley v. Nonni's Food LLC*, No. 20 Civ. 2979 (NSR), 2022 WL 814034, at *6–*8 (S.D.N.Y. Mar. 16, 2022) ("[G]iven that the Product's ingredient panel does in fact list butter and sugar but not lemon zest oil, '[t]hat representation is adequately pleaded to have been misleading [to a reasonable consumer] because it falsely implies that [lemon zest oil] is the primary [source of the lemon flavoring]."); *Valcarcel v. Ahold U.S.A., Inc.*, 577 F. Supp. 3d 268, 272, 277–80 (S.D.N.Y. 2021); *Gavilanes v. Gerber Prods. Co.*, No. 1:20-cv-05558, 2021 WL 5052896, at *5–*6 (E.D.N.Y. Nov. 1, 2021); *Campbell v. Freshbev LLC*, 322 F. Supp. 3d 330, 338–43 ("Because it violates FDA labeling requirements, a reasonable consumer may be misled into believing that Cranberry Apple juice has more cranberry juice than apple."); *see also Duchnik v. Tops Mkts., LLC*, 22-CV-399 (JLS)(HKS), 2023 WL 4828141, at *1 (W.D.N.Y. July 26, 2023). As such, there was a reasonable argument that defendant's label claiming the package contained "100% ground Arabica" could be found to be deceptive to a reasonable consumer, as the products in the above cases were deemed to state a cause of action under those statutes. It is respectfully submitted Mr. Sheehan cannot be held to have had subjective bad faith in pursuing the action against defendant on behalf of Ms. Brownell, even if the suit was unsuccessful and lacked merit, as this Court found.

      **B.**      **Sister States' Consumer Fraud Statutes.** Similarly, Mr. Sheehan has pursued deceptive labeling and consumer protection actions in other states and regularly had claims under those states' consumer protection statutes sustained on motions under Rule 12(b)(6). For example, Federal Courts in Illinois regularly permit Mr. Sheehan's pleadings under that state's Consumer Fraud and Deceptive Business Practices Act to proceed.[2] *See, e.g.*, *Connor v. Abbott Labs., Inc.*,

---

[1] The Court noted in its Order to Show Cause that Mr. Sheehan has filed fifteen (15) additional actions which have *not* been dismissed, as of the date of this filing. The fate of those cases is yet unknown.

  Moreover, with respect to Mr. Sheehan's identified discontinuance of certain matters, those actions may be discontinued for a variety of reasons, including: (a) a quick resolution of the dispute with the defendant before any response is required; (b) disclosure by the defendant of certain information which renders the action unlikely to succeed; or (c) as in the case of *Hoover v. The Price Chopper, Inc.*, No. 1:21-CV-228 (BKS/ML), discontinuance in favor of litigating in a more appropriate forum—State Court, in the case of *Hoover*, where subject-matter jurisdiction in Federal Court was lacking.

[2] Illinois's statute requires not only deceptive acts in the conduct of business (just as in New York), but also the defendant's intent the plaintiff rely on the deceptive or unfair practice. *See, e.g.*, *Siegel v. Shell Oil Co.*, 612 F.3d 932, 934 (7th Cir. 2010). Thus, by requiring this extra element, Illinois' statutes is more exacting than New York's deceptive trade practices equivalent.

No. 21-cv-1463-SMY, 2023 WL 2690853, at *2–*3 (S.D. Ill. Mar. 29, 2023); *Crawford v. AriZona Beverages USA LLC*, No. 22-cv-220-DWD, 2023 WL 1100260, at *3–*6 (S.D. Ill. Jan. 30, 2023); *Shirley v. Reynolds Consumer Prods., LLC*, No. 22 C 278, 2022 WL 13831598, at *2–*3 (N.D. Ill. Oct. 21, 2022); *Strow v. B&G Foods, Inc.*, 633 F. Supp. 3d 1090 (N.D. Ill. 2022) (delivering a scathing rebuke of defendant's "butter" cooking spray that contained no actual butter); *Davis v. Ricola USA, Inc.*, No. 22-cv-3071, 2022 WL 4131588, at *3–*4 (C.D. Ill. Sep. 12, 2022); *Sanders v. Hillshire Brands Co.*, No. 21-cv-1155-SMY, 2022 WL 2643974, at *2–*3 (S.D. Ill. July 8, 2022); *Harris v. Kashi Sales, LLC*, 609 F. Supp. 3d 633, 640–42 (N.D. Ill. July 1, 2022) (defendant's "mixed berry" bars also contained pear juice concentrate, apple powder, cane sugar, and corn starch); *Elder v. Bimbo Bakeries USA, Inc.*, No. 3:21-cv-637-DWD, 2022 WL 816631, at *1–*2 (S.D. Ill. Mar. 17, 2022); *see also Clark v. Blue Diamond Growers*, No. 22-cv-1591, 2023 WL 4351464, at *4–*5 (N.D. Ill. July 5, 2023); *Acosta v. Hopper (USA), Inc.*, No. 22 C 3974, 2023 WL 3072358, at *2–*4 (N.D. Ill. Apr. 25, 2023) (denying motion to dismiss *in toto*).

Moreover, although not his primary jurisdictions of practice, Mr. Sheehan has also had some success in overcoming motions to dismiss state consumer fraud claims in other states. *See, e.g.*, *McCall v. Publix Super Mkts., Inc.*, No. 8:22-cv-584-MSS-CPT, 2023 WL 2362542, at *2–*6 (M.D. Fla. Feb. 28, 2023) (denying motion to dismiss claims under Florida's Deceptive and Unfair Trade Practices Act); *Ablaza v. Sanofi-Aventis U.S. LLC*, No. 21-cv-01942-JST, 2022 WL 19517298, at *6 (N.D. Cal. July 12, 2022) (sustaining claim under California's Unfair Competition Law); *Warren v. Whole Foods Mkt. Cal., Inc.*, No. 21-cv-04577-EMC, 2022 WL 2644103, at *4–*7 (N.D. Call. July 8, 2022) (relying on plaintiff's product testing to sustain claims under various consumer protect acts based on violation of Federal Food, Drug and Cosmetic Act); *Vizcarra v. Unilever U.S., Inc.*, 4:20-cv-02777-YGR, 2020 WL 4016810, at *2–*5 (N.D. Cal. July 16, 2020) (denying motion to dismiss, including claims under California's Consumer Legal Remedies Act and Unfair Competition Law).

In sum, Mr. Sheehan had successfully pleaded numerous claims which have survived a motion to dismiss under both New York's and other states' deceptive business practice and/or unfair competition statutes, based on misleading product labels, at the time he filed the *Brownell* Complaint and reaffirmed that pleading in his opposition to defendant's motion. It has been Mr. Sheehan's experience that these causes of action are more likely to survive a motion to dismiss than others he regularly pleads on behalf of his client. Nevertheless, Mr. Sheehan has had each of the theories pleaded in Brownell's Complaint upheld by other courts in the past. It is therefore submitted that the *Brownell* pleading was both objectively reasonable, and subjectively in good faith based upon past experience.

**C. Warranty Claims.** In the same vein, Mr. Sheehan has also pleaded claims for breaches of express and implied warranty and under the Magnuson Moss Warranty Act which have survived motions to dismiss. *See, e.g.*, *Kelly v. Beliv LLC*, 21-cv-08134, 2022 WL 16836985, at *8 (E.D.N.Y. Nov. 9, 2022) (upholding consumer fraud and express warranty claims, and dismissing MMWA claim only because said warranty did not meet that statute's definition of "written warranty"); *Gavilanes v. Gerber Prods. Co.*, No. 1:20-cv-05558, 2021 WL 5052896, at *6–*7 (E.D.N.Y. Nov. 1, 2021) (denying motion to dismiss as to all claims except MMWA, on grounds plaintiff did not plead sufficient amount in controversy under that Act); *Berger v. MFI Holding Corp.*, No. 17-CV-06728-JFB-ARL, 2019 WL 10528306, at *3–*6 (E.D.N.Y. Apr. 3, 2019) (denying motion with respect to General Business Law, express warranty and fraud causes of action). Other states have also allowed these claims to proceed to discovery. *See Acosta*, 2023 WL

Hon. Frederick J. Scullin, Jr.
August 14, 2023
Page 5

3072358 at * *McCall*, 2023 WL 2362542, at *6 (denying motion as to all warranty and MMWA claims); *Ablaza*, 2022 WL 19517298, at *7 (denying motion with respect to express warranty cause of action).

      **D.    Theories of Unjust Enrichment and Fraud.** Furthermore, Mr. Sheehan has successfully pleaded claims of unjust enrichment and fraud, which have survived motions to dismiss, in New York Federal Court. *See, e.g.*, *Gavilanes*, 2021 5052896, at *8–*9 (allowing both claims to proceed); *Casio v. Vineyard Vines, LLC*, No. 19-CV-5135 (JMA) (AYS), 2021 WL 466039, at *3–*6, *8 (E.D.N.Y. Feb. 9, 2021) (denying motion to dismiss General Business Law and unjust enrichment causes of action); *Sharpe v. A&W Concentrate Co.*, 481 F. Supp. 3d 94, 101–04 (E.D.N.Y. 2020); *Berger*, 2019 WL 10528306, at *5 (fraud claim survived). As elsewhere, other states have also permitted these common-law theories of liability to proceed past Rule 12(b) motion practice. *See McCall*, 2023 WL 2362542, at *6 (both theories of liability proceeded); *Connor*, 2023 WL 2690853, at *5 (unjust enrichment claim succeeds or fails with consumer fraud claim); *Crawford*, 2023 WL 1100260, at *9 (same); *Shirley*, 20222 WL 13831598, at *4–*5 (both common-law theories survived); *Davis*, 2022 WL 4131588, at *6 (unjust enrichment); *Sanders*, 2022 WL 2643974, at *4 (same); *Harris*, 609 F. Supp. 3d at 644 (same); *Elder*, 2022 WL 816631, at *5 (allowing both claims); *see also Clark*, 2023 WL 4351464, at *8–*9.[3]

      **E.    Injunctive Relief.** Finally, as noted in Mr. Sheehan's initial submission, the Southern District's threats to impose sanctions were related only to claims for injunctive relief following the Second Circuit's ruling in *Berni v. Barilla S.p.A.*, 964 F.3d 141 (2d Cir. 2020). After that decision, Mr. Sheehan continued to seek injunctive relief to explore the bounds of the Second Circuit's decision and how broadly it would be interpreted, as a reasonable extension of the law. Since it has become clear that District Courts are interpreting *Berni* to bar injunctive relief for all past purchasers, Mr. Sheehan has ceased requesting injunctive relief within the Second Circuit.

      Based upon the foregoing, it is submitted that while the Northern District of New York has thus far uniformly rejected Mr. Sheehan's legal theories, they are not wholly without basis in prior case law both within and without this State, from a substantive analysis of the product labels and from Mr. Sheehan's past experience.

      As a final note, while this Court notes the comments from Judge Karas, it is notable that Mr. Sheehan is admitted to and does practice in twenty-four (24) Federal Districts, and admitted to many of those for several years. At no time has Mr. Sheehan been sanctioned or disciplined by any of those Courts.

      Respectfully submitted,

      COSTELLO, COONEY & FEARON, PLLC

      Paul G. Ferrara
      Federal Bar No. 101638

PGF/cc

---

[3] Admittedly, Illinois' jurisprudence regarding unjust enrichment claims where they duplicate other substantive claims differs from New York's.