

211 W. Jefferson St., Suite 1
Syracuse, NY 13202
Tel: 315.422.1152 | Fax: 315.422.1139

www.ccf-law.com

**Paul G. Ferrara**, *Partner*
pferrara@ccf-law.com
Also Admitted in Massachusetts

September 12, 2023

Hon. Frederck J. Scullin, Jr.
Senior United States District Judge
Federal Building and U.S. Courthouse
P.O. Box 7336
Syracuse, New York 13261-7336

    Re:    *Brownell v. Starbucks Coffee Co.*
             Civil Action No. 5:22-CV-1199(FJS/ATB)

Dear Honorable Sir:

    As the Court is aware, we represent Spencer Sheehan in connection with this Court's Order to Show Cause regarding sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure. Please allow this letter submission to serve as Mr. Sheehan's response to the Amicus Letter-brief filed by non-party Ashley Furniture Industries, LLC ("Ashley Furniture").

    In its Order to Show Cause, this Court cited Rule 11 as the source of authority for any imposition of sanctions against Mr. Sheehan. (Dkt. 24). As this Court aptly recognized in its Order, the relevant inquiry is the signed paper or pleading before this Court, in this matter. (Dkt. 24 [quoting *Weiss v. David Benrimon Fine Art, LLC*, No. 20-3842-cv, 2021 WL 6128437, at *2 (2d Cir. Dec. 28, 2021)]). *See Ted Lapidus, S.A. v. Vann*, 112 F.3d 91, 96 (2d Cir. 1997); *Knipe v. Skinner*, 146 F.R.D. 58, 60 (N.D.N.Y. 1993). "Because [a] Rule 11 violation occurs when the offending paper is signed, a court must determine whether the certification requirement has been flouted by focusing on the situation existing when the paper was signed." *United States v. International Brotherhood of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., AFL-CIO*, 948 F.2d 1338, 1344–45 (2d Cir. 1991) (distinguishing between Rule 11 sanctions, Section 1927 sanctions for unreasonable and vexatious conduct, and the Court's inherent power to manage its own affairs). " '[O]nly conduct explicitly referred to in the instrument providing notice is sanctionable.' " *Storey v. Cello Holdings, L.L.C.*, 347 F.3d 370, 389 (2d Cir. 2003) (quoting *Schlaifer Nance & Co.*, 194 F.3d at 334).

    Ashley Furniture's submission makes clear it has no personal knowledge of any of the matters before this Court or the papers identified in this Court's Order to Show Cause, which can be the sole basis for any Rule 11 motion. Instead, Ashley Furniture demonstrates an unwarranted and unreasonable vendetta against Mr. Sheehan based upon litigation conduct which occurred in

Hon. Frederick J. Scullin, Jr.
September 12, 2023
Page 2

the Northern District of Florida several months ago, in a matter which is now concluded. In short, it is respectfully submitted Ashley Furniture's "amicus" submission is of no factual value to this Court,[1] nor does it present any compelling legal arguments why Mr. Sheehan should be sanctioned pursuant to Rule 11 in the *Browell* matter.

With respect to the allegations within Ashley Furniture's submission—although they are wholly irrelevant to this Court's analysis because they have no bearing on the pleadings or papers submitted previously to this Court—they merit brief discussion, as Ashley Furniture has taken extraordinary steps to besmirch Mr. Sheehan.

The issue in the *Grasty v. Ashley Furniture Industries, LLC* litigation was not food product packaging, but instead, a service contract for a sofa purchased in Tallahassee. (Dkt. 36 at 15). The legal basis for the claims was almost exclusively in Florida state law, rather than New York law and controlling Second Circuit interpretation of New York and Federal law. (*Id.* at 24–29). Thus, the legal questions involved in the *Grasty* case were markedly different than those presented by the *Brownell* matter.

Moreover, as Ashley Furniture's own submission demonstrates, it was not even required to appear in the action in the Northern District of Florida because Mr. Sheehan voluntarily discontinued the action. Although Ashley Furniture baselessly claims it incurred "more than $115,000" in legal fees, any such fees are grossly unreasonable and highly suspect. (*See* Dkt. 36 at 1). The record of that case reveals Mr. Sheehan filed the Complaint on behalf of his client on September 13, 2022. (*Id.* at 15). Mr. Amicone and Mr. Sheehan spoke on the telephone the following day, and he allegedly explained to Mr. Sheehan that Ashley Furniture was not the proper party. (*Id.* at 7). While Mr. Amicone offered an "officer's affidavit" to substantiate their self-serving claims, he did not immediately offer any documentary proof to show Ashley Furniture was not a proper party. (*Id.*). Mr. Amicone then offered a "nominal settlement" to avoid further litigation. (*Id.*). Mr. Sheehan responded that it was his belief the named entity shared some liability, notwithstanding Mr. Amicone's representations on behalf of his employer. (*Id.* at 6). Mr. Amicone's response was to immediately threaten a motion for Rule 11 sanctions. (*Id.* at 5).

It appears there was no further activity on the case until Ashley Furniture's outside counsel executed the waiver of service (sent to Ashley Furniture in late September 2022) on November 14, 2022, thereby establishing a response date to the Complaint of January 13, 2023. (**Ex. A**). The Court then set deadlines for corporate disclosures and a status report on November 30 and December 16, respectively. (**Ex. B**). Although the Order directed the parties to immediately begin discovery, no discovery requests were served. Following Mr. Sheehan's filing of plaintiff's motion for class certification, Ashley Furniture's counsel-of-record, Edward Barnidge, had a telephone call with Mr. Sheehan. (Dkt. 36 at 12). During that call, Mr. Sheehan requested documentation that would substantiate the claim that the brick-and-mortar store where the plaintiff purchased her sofa and service plan was an independent licensee and in no way affiliated with Ashley Furniture. (*Id.*). Five (5) days later, on December 13, 2022, Mr. Barnidge provided a Trademark Usage

---

[1] Ashley Furniture's letter submission is not admissible evidence, as it is not sworn by Mr. Amicone under penalty of perjury or otherwise in admissible form.

Agreement. (*Id.*). In closing, although Ashley Furniture had more than a month left to respond to the Complaint, Mr. Barnidge threatened to file Ashley Furniture's motion to dismiss by the following Friday, just three (3) days later. (*Id.* at 14). Counsel then discussed how much time Mr. Sheehan would need to fully consider the Trademark Usage Agreement. (*Id.* at 11–12). On December 19, 2022, Mr. Barnidge provided Mr. Sheehan another three (3) days to determine how to proceed against Ashley Furniture before he filed its motion to dismiss, the same day the parties' Joint Rule 26(f) Report was due to the Court. (*Id.* at 11). Having had an opportunity to fully consider Ashley Furniture's proof, Mr. Sheehan confirmed within a few hours of Mr. Barnidge's email that he would discontinue the action against Ashley Furniture, based upon independent research into the Ashley parties. (*Id.* at 10). The Notice of Voluntary Dismissal was filed the following afternoon. (*Id.* at 9, 32). Ashley Furniture was never forced to make its motion to dismiss, nor did it spend any time on discovery or any significant litigation activity. Parenthetically, if Ashley Furniture expended over $115,000 in litigation costs, it should question those expenses.

At no point did Barnidge's firm threaten to bring a Rule 11 motion, nor did it prepare any such motion and serve it with the requisite twenty-one (21) day "safe harbor" letter. Instead, counsel for the parties rationally discussed the merits of Ashley Furniture's defense, and Mr. Sheehan voluntarily discontinued the matter while it was still in its infancy, following his determination that Ashley Furniture was not a proper party.

Neither our Court system nor the Federal Rules of Civil Procedure require that every Complaint filed be based upon ironclad legal and factual allegations that will certainly result in a plaintiff's verdict. Instead, the law merely demands that a plaintiff plausibly plead facts that might entitle it to relief. The Supreme Court in *Twombly* alluded to Rule 12 motions as the device to allow deficiencies in a pleading to " 'be exposed at the point of minimum expenditure of time and money by the parties and the court.' " *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007) (quoting 5 Wright & Miller § 1216, at 233–34). Such motion practice will test the sufficiency of a pleading and determine which cases proceed. Merely because a Complaint may not withstand such motion practice does not inherently mean such Complaint should be subject to Rule 11 sanctions. *See Fishoff v. Coty Inc.*, 634 F.3d 647, 654 (2d Cir. 2011) ("The fact that a legal theory is a long-shot does not necessarily mean it is sanctionable."). That result would necessarily chill the plaintiff's bar from proceeding with claims on behalf of their clients.

In sum, Ashley Furniture's "amicus" letter brief has no relevance to the matters presently before the Court, and should be wholly disregarded. If Ashley Furniture believed a violation of Rule 11 occurred, it was within Ashley Furniture's ability to seek such relief from the Northern District of Florida in that action. Instead, Ashley Furniture now seeks to sully Mr. Sheehan before this Court, where it is unaware of all issues being considered. Notably, defendant Starbucks has submitted no papers to this Court encouraging sanctions. As set forth in Mr. Sheehan's various submissions, Rule 11 sanctions are not appropriate in this matter, and Ashley Furniture's protestations to the contrary warrant no further consideration.

Hon. Frederick J. Scullin, Jr.
September 12, 2023
Page 4

      We thank the Court in advance for its courtesies. Should you have any questions or comments, please do not hesitate to contact me.

                          Respectfully submitted,

                          COSTELLO, COONEY & FEARON, PLLC

                          Paul G. Ferrara

PGF/cc
Enc.

STATE OF NEW YORK      )
COUNTY OF NASSAU       )ss.:

SPENCER SHEEHAN, being duly sworn, deposes and says that deponent is the attorney for the plaintiff in the within action; that deponent has read the foregoing Letter Response to Amicus Letter-brief filed by non-party Ashley Furniture Industries, LLC, and knows the contents thereof; that the same is true to deponent's own knowledge, except as to the matters therein stated to be alleged upon information and belief, and that as to those matters deponent believes them to be true.

_____
SPENCER SHEEHAN

Subscribed and sworn to before me
this 11th day of September, 2023.

_____
Notary Public

Katelynne Marie Welch
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01WE6444161
Qualified in Nassau County
Commission Expires 11/21/2026