```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x
KRISTIE BROWNELL,

                                        Plaintiff,


-v-                                     5:22-CV-1199


STARBUCKS COFFEE COMPANY,


                                        Defendant.
---------------------------------------------------------x
```

**ORDER TO SHOW CAUSE TRANSCRIPT**
**BEFORE THE HONORABLE FREDERICK J. SCULLIN**
August 22, 2023
100 South Clinton Street, Syracuse, NY 13261


For the Plaintiff:

SHEEHAN & ASSOCIATES, P.C.
60 Cuttermill Road, Suite 412
Great Neck, New York 11021
BY:  **SPENCER SHEEHAN, ESQ.**

For Spencer Sheehan, Esq.:

COSTELLO, COONEY & FEARON, PLLC
211 West Jefferson Street
Syracuse, New York 13202
BY:  **PAUL FERRARA, ESQ.**


*Hannah F. Cavanaugh, RPR, CRR, CSR, NYACR, NYRCR*
*Official United States Court Reporter*
*100 South Clinton Street*
*Syracuse, New York 13261-7367*
*(315) 234-8545*

(Open court.  Time noted:  10:38 a.m.)

THE COURTROOM DEPUTY:  The matter is an order to show cause hearing in case Kristie Brownell versus Starbucks Coffee Company, case number 5:22-CV-1199.

Counselors, your appearance for the record, please.

MR. FERRARA:  P.G. Ferrara from Costello, Cooney & Fearon on behalf of Mr. Sheehan.

THE COURT:  Good morning, gentlemen.

MR. FERRARA:  Good morning, your Honor.

THE COURT:  Well, let me put this in context.  As you know, this Court issued a memorandum-decision and order on July 12th of this year dismissing the claims brought by Brownell against Starbucks, 22-CV-1198, and directing Mr. Sheehan to be here today to respond to this Court's order as to why he should not be held in contempt for violating Rule 11(b)(2) of the Federal Rules of Civil Procedure.  Mr. Sheehan has responded to that order and -- as provided in my decision and, Mr. Ferrara, you now represent Mr. Sheehan, I understand, and you have also responded with a supplemental memorandum.  I have both of those, obviously, and I've gone through them thoroughly.

We can agree upon one thing, the standard in the Second Circuit as to the need for the Court to find subjective bad faith in order to find contempt.  I have set forth in my decision and memorandum the basis for my reasoning to direct that Mr. Sheehan show cause today.  You seem to be somewhat

confused about that, but I made it clear that the decision in that memorandum that my decision is based upon a frivolity of the claims, having no basis in fact or law, and further that in this district, Mr. Sheehan has filed at least 18 other actions, all of which have been class action lawsuits, none of which have succeeded in passing a motion to dismiss other than a dismissal by Mr. Sheehan in one of those cases, I believe in the Hoover case, because of subject matter jurisdiction, also showing a lack of careful review of this case before filing it.  That, and the other things I've set forth in my decision, set forth the basis for my ordering this hearing here today.

So is there anything you're unclear about there in my decision?  Because I think you argue that it wasn't specific enough.

MR. FERRARA:  Your Honor, in our supplemental response, I think we set forth that we understood the Court's decision and made our arguments based on the Court's decision.

THE COURT:  All right.  Well, is there anything else you wish to add to your supplemental memorandum or to the memorandum Mr. Sheehan submitted other than what you've already added?

MR. FERRARA:  Yes, your Honor.  Just briefly.

May it please the Court.

As the Court has noted, I believe our positions are set forth in Mr. Sheehan's response and our supplemental

response, but I would like to emphasize for the Court that it was not Mr. Sheehan's intent to bring a frivolous lawsuit, which the Court found had no merit toward the end.  As we set forth, your Honor, we did take forth an independent investigation, researched the --

THE COURT:  Let me ask you about that.  What was the independent investigation he conducted?

MR. FERRARA:  He, first of all, sent out the product for testing at an independent laboratory, your Honor.

THE COURT:  That has not been set forth here.  That is nowhere in that submission.  The Court's received nothing concerning independent testing of the product.

MR. FERRARA:  Your Honor, on page two of our supplemental response --

THE COURT:  I've got page two.

MR. FERRARA:  Yes, your Honor.  It indicates that he --

THE COURT:  Where on page two are you?

MR. FERRARA:  I'm sorry, your Honor, under good faith basis for the complaint --

THE COURT:  Yes.

MR. FERRARA:  -- in the second paragraph.

THE COURT:  Yes.

MR. FERRARA:  Prior to commencing any action, Mr. Sheehan undertakes an independent investigation --

THE COURT:  You state that, but what's the independent investigation?

MR. FERRARA:  Well, your Honor, one of them is that he sent it over to a private laboratory to be tested.

THE COURT:  There's no report of that whatsoever.

MR. FERRARA:  We did not include the report, your Honor, I will grant you that.

THE COURT:  Well, how can the Court know there was any independent investigation?

MR. FERRARA:  I --

THE COURT:  This is just a claim, again, by Mr. Sheehan.  There's nothing set forth in the record that reflects that.  The only thing that was set forth was his -- he referenced recent reports, which were not identified in the complaint.  He did refer to a study, which, in fact, was an advertisement for pure roast coffee.  That's all that was.

MR. FERRARA:  Your Honor, I -- my client's indicated that we can produce the independent laboratory report, a supplement.

THE COURT:  Counsel, you have produced nothing to date.  You've had ample opportunities to produce anything you wished to produce.  We're not doing any of this.

MR. FERRARA:  Your Honor, I understand that, but using the objective standard or subjective, your Honor, Mr. Sheehan, as an officer of the court, will represent to you that

he did do the laboratory testing.

THE COURT:  He has represented that and I have no reports of any independent testing having been done.  I just said that.  Can I be any more clearer than that?

MR. FERRARA:  No, your Honor.

THE COURT:  All right.  Then that's what the record reflects.  All right?  So there's no independent investigation that is in the record.  None whatsoever.

MR. FERRARA:  I appreciate the Court's point on that, your Honor, but beyond that, your Honor, he looks at statutes and regulations.

THE COURT:  Well, obviously, he hasn't looked at the statute because I made it clear in my decision that he didn't comply with the statutes and did not fulfill the requirements of the statute in bringing these claims.

MR. FERRARA:  I appreciate that this Court made that determination, your Honor.  There were other courts in other districts that have withheld motions on dismissal --

THE COURT:  Counsel, you cite cases which are not relevant to the facts of this case.  You talk about cases where they added things to the product and other such things.  And we can go through each one of them if you want to take the time, but they're all distinguishable and you know that.

MR. FERRARA:  I appreciate that, your Honor, but I think with that as a background, Mr. Sheehan had a good faith

basis for bringing the lawsuit here in this court.

THE COURT:  What would be the good faith basis?  The cases you cite are inapposite.

MR. FERRARA:  Your Honor, I --

THE COURT:  They're not relevant to this case -- the facts of this case.  There are no additives in this case.  But plaintiff does admit that in coffee, you do have a certain percentage of this -- I think it's -- the number of -- let me just find it.  There is at least 116 milligrams of potassium in a normal cup of coffee.  Plaintiff admits to that.  There's no additive here.  There's nothing that makes it factually similar to the case you just cited.

MR. FERRARA:  Your Honor, I think those other cases would allow him to bring forth the Brownell case seeking an extension of existing law --

THE COURT:  As a what?

MR. FERRARA:  As an extension or modification of the existing law, your Honor.

THE COURT:  There's no case that you've cited to that would suggest that there's any sort of an extension based upon different facts.  How do you get different facts to be an extension of the law?

MR. FERRARA:  Your Honor --

THE COURT:  The law is the law, but the facts you're referring to are not compatible.

MR. FERRARA:  They may not be exactly on point, your Honor, but they're similar enough, I believe, to allow for a good faith --

THE COURT:  But they're not similar at all.  Where are they similar?  The facts are different.  There's no additives here.

MR. FERRARA:  Your Honor, the idea and the concepts on the facts in those cases, I believe, allows for a good faith basis for bringing the lawsuit before this Court.  I --

THE COURT:  All right.  Is that your entire argument?

MR. FERRARA:  No, your Honor.

THE COURT:  All right.  What else do you have to offer?

MR. FERRARA:  Well, your Honor, as I pointed out in our papers, Mr. Sheehan does not intend to bring frivolous lawsuits in this court, your Honor.  He went through the expense of time and costs going to the laboratory.  I know the report's not there, your Honor, but he did --

THE COURT:  There's no time and cost in the record whatsoever, counsel.  You can't just make up facts and argument here.  You just can't do that.  All right?

MR. FERRARA:  Your Honor, I'm not making up facts.

THE COURT:  Well, you are.  There's nothing in the record you can base that argument on.

MR. FERRARA:  Your Honor, I'm making the

representation to the Court as an officer of the court.

THE COURT:  You know personally of what he did to investigate this product?

MR. FERRARA:  Based on information from my client.

THE COURT:  But you know personally?

MR. FERRARA:  No, your Honor, I will not --

THE COURT:  All right.  Then you cannot represent that to the Court then.

MR. FERRARA:  But I can have my client --

THE COURT:  He already has.  And I've pointed out to you how it is no basis in fact.

MR. FERRARA:  The last point I would make, your Honor, is we appreciate that the Court has found that the lawsuit has no good faith -- has no basis or merit.  Mr. Sheehan can represent to you that he will not bring another similar lawsuit in the Northern District of New York, your Honor.

THE COURT:  That's so he gets out of the responsibility, doesn't he?

MR. FERRARA:  I'm sorry, your Honor?

THE COURT:  That's how he gets out of responsibility for his actions, he just decides to withdraw at the last minute when he gets caught doing something, is that it?

MR. FERRARA:  No, your Honor, I think he withdraws cases when he realizes that it's been shown to him that those cases --

THE COURT:  Mr. Sheehan, let me address you just for a minute.

MR. SHEEHAN:  Yes, your Honor.

THE COURT:  Your conduct -- as evidenced throughout this country, you've filed lawsuits as one purpose, is to get as much money as you can from your claims, it's pretty clear, without having any merit to your claims.

I will take under consideration anything you submit to the Court.  I'll reserve decision for the time being, but you have no argument here today that I've heard that would really -- that would change the Court's decision with respect to the cases you filed here and this case in particular.

Anything else you wish to put on the record?

MR. FERRARA:  No, your Honor.

THE COURT:  All right.  Thank you.

Court reserves decision.

THE COURTROOM DEPUTY:  Court is adjourned.

(Time noted:  10:50 a.m.)

CERTIFICATE OF OFFICIAL REPORTER


I, HANNAH F. CAVANAUGH, RPR, CRR, CSR, NYACR, NYRCR, Official U.S. Court Reporter, in and for the United States District Court for the Northern District of New York, DO HEREBY CERTIFY that pursuant to Section 753, Title 28, United States Code, that the foregoing is a true and correct transcript of the stenographically reported proceedings held in the above-entitled matter and that the transcript page format is in conformance with the regulations of the Judicial Conference of the United States.


Dated this 13th day of February, 2026.


s/ Hannah F. Cavanaugh_____

HANNAH F. CAVANAUGH, RPR, CRR, CSR, NYACR, NYRCR

Official U.S. Court Reporter